**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:19-CV-14389-ROSENBERG/MAYNARD**

JESSICA VAN DAAM, *et al.*,

    Plaintiffs,

v.

ROBERT MEADOWS, *et al.*,

    Defendants.

_____/

**ORDER GRANTING MOTIONS TO DISMISS, DISMISSING CLAIMS
AGAINST DEFENDANT JUDGE ROBERT MEADOWS WITH PREJUDICE,
AND DISMISSING CLAIMS AGAINST DEFENDANTS CHRISTOPHER HICKS
AND ROY MILDNER WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**

    **THIS CAUSE** comes before the Court on Defendant Christopher Hicks's Motion to Dismiss [DE 12] and on Defendant Judge Robert Meadows's Motion to Dismiss With Prejudice [DE 16]. The Court has carefully considered the Motions, Plaintiff's Responses thereto [DE 28 and 29], and the record, and is otherwise fully advised in the premises.

    A court may grant a motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.* The factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

When ruling on a motion to dismiss, a court accepts as true the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor. *West v. Warden*, 869 F.3d 1289, 1296 (11th Cir. 2017). A complaint may be dismissed if an affirmative defense appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007). *Pro se* pleadings are liberally construed and are held to a less stringent standard than attorney-drafted pleadings. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

Plaintiff sues Judge Meadows, Hicks, and Roy Mildner[1] for their actions in conjunction with child dependency and paternity cases involving Plaintiff's minor child, S.V.D., in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County. *See* DE 1. As alleged, Judge Meadows presided over those cases, Hicks was Plaintiff's appointed attorney during at least some of the relevant time period, and Mildner was the attorney of S.V.D.'s biological father. *Id.* ¶¶ 8-10. The Court addresses Plaintiff's allegations against each Defendant in turn.

## I. Judge Meadows

Plaintiff sues Judge Meadows in his official and individual capacities under 42 U.S.C. § 1983 for violation of her constitutional rights to due process and equal protection. *See id.* at 11-16. She challenges his rulings in the state cases, *see, e.g.*, *id.* ¶¶ 11, 31-33, 35, 37, 40-42, 45, 49, 61-64, alleges that he erred by failing to appoint her "new" counsel, *see, e.g.*, *id.* ¶¶ 29, 50, 65, and contends that he made rulings without her presence and an opportunity to be heard, *see, e.g.*, *id.* ¶¶ 62, 71-72. Plaintiff further alleges that Judge Meadows acted in "the clear absence of jurisdiction." *See id.* ¶ 61. She reasons that he initially presided over the dependency case, that the dependency case concluded and was closed with an order that modifications of a timesharing schedule would be addressed in family court, that the paternity case subsequently commenced in family court, and that the court consolidated the dependency and paternity cases, assigned Judge Meadows to the cases, and closed the paternity

---

[1] Mildner has answered the Complaint. DE 15.

case, with all further activity taking place in the dependency case. *See, e.g.*, *id.* ¶¶ 11, 15-18, 21-24. Plaintiff contends that Judge Meadows lacked jurisdiction to act because the dependency case had been closed. *See, e.g.*, *id.* ¶¶ 32, 59-61.

Plaintiff's claims against Judge Meadows in his official capacity are, in fact, claims against the State of Florida that are barred by Eleventh Amendment sovereign immunity. *See Higdon v. Tusan*, 746 F. App'x 805, 809-10 (11th Cir. 2018) (affirming the dismissal of claims brought against state judges in their official capacities).[2] The State of Florida has not waived its Eleventh Amendment sovereign immunity to being sued under 42 U.S.C. § 1983 in federal court. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509 (11th Cir. 1986). Thus, Plaintiff's claims against Judge Meadows in his official capacity must be dismissed with prejudice.

Judicial immunity bars Plaintiff's claims for damages against Judge Meadows in his individual capacity. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (stating that judges are entitled to absolute judicial immunity from damages for acts taken while they are acting in their judicial capacity, even when the acts are in error, malicious, or in excess of jurisdiction). Judicial immunity does not apply when a judge "acted in the clear absence of all jurisdiction." *Id.* (quotation marks omitted). Plaintiff alleges that Judge Meadows acted in "the clear absence of jurisdiction," *see* DE 1 ¶ 61, however that allegation is a legal conclusion that need not be accepted as true for the purpose of a motion to dismiss. *See Twombly*, 550 U.S. at 555 (explaining that a court is not bound to accept as true a legal conclusion couched as a factual allegation when ruling on a motion to dismiss). A court acts in the clear absence of jurisdiction only when subject matter jurisdiction is completely absent. *Dykes v. Hosemann*, 776 F.2d 942, 947-48 & n.17 (11th Cir. 1985); *see also*

---

[2] An exception to Eleventh Amendment sovereign immunity where a plaintiff seeks prospective equitable relief is inapplicable here, as Plaintiff does not seek such relief, but rather seeks relief for alleged past constitutional violations. *See Higdon*, 746 F. App'x at 810.

*Subject-Matter Jurisdiction*, Black's Law Dictionary (11th ed. 2019) (defining "subject-matter jurisdiction" as "[j]urisdiction over the nature of the case and the type of relief sought").

Here, Plaintiff acknowledges in the Complaint that the dependency and paternity cases were consolidated and assigned to Judge Meadows under procedural rules providing for one judge to handle related family cases. *See* DE 1 ¶ 81; *see also* Fla. Fam. Law Rules of P. 12.003(a)(1) ("All related family cases must be handled before one judge unless impractical."); Amended Administrative Order 2015-12 of the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River, Martin, Okeechobee, and St. Lucie Counties (creating a family division that includes dependency and paternity cases and providing for the consolidation of interrelated family cases).

Plaintiff has pointed to no authority that supports the proposition that Judge Meadows lacked subject matter jurisdiction because the dependency case previously had been closed. The caselaw that Plaintiff cites for the proposition that Judge Meadows lost jurisdiction upon the closure of the dependency case makes clear that the use of the word "jurisdiction" in such a context does not refer to subject matter jurisdiction. *See Tobkin v. State*, 777 So.2d 1160, 1163 (Fla. 4th Dist. Ct. App. 2001) (concluding that a voluntary dismissal divested a court of jurisdiction to continue to act in a case and clarifying that "[t]he jurisdictional issue here is not one of subject matter jurisdiction, which the court clearly has"); *T.D. v. K.D.*, 747 So. 2d 456, 457-58 & n.2 (Fla. 4th Dist. Ct. App. 1999) (reversing a court's assertion of jurisdiction over a modification motion in a closed dependency case and clarifying that the use of the word "jurisdiction" meant "case jurisdiction," that is, "the power of the court over a particular case that is within its subject matter jurisdiction"). In addition, the case that Plaintiff cites for the proposition that a juvenile court loses subject matter jurisdiction over a child who has reached the age of nineteen is inapposite, as Plaintiff acknowledges in the Complaint that S.V.D. is a minor of kindergarten age. *See* DE 1 ¶¶ 7, 37; *see also Cesaire v. State*, 811 So.2d 816,

4

818 (Fla. 4th Dist. Ct. App. 2002) (holding that "any action taken by the juvenile court after petitioner's nineteenth birthday was void for lack of subject matter jurisdiction").

Because Judge Meadows has judicial immunity, Plaintiff's claims against him in his individual capacity must be dismissed with prejudice. In addition, to the extent that Plaintiff seeks appellate review of any state court judgment, this Court lacks jurisdiction to conduct such review. *See Lance v. Dennis*, 546 U.S. 459, 463-66 (2006) (stating that, under the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state court judgments). For these reasons, Judge Meadows's Motion to Dismiss granted and the claims against him in Counts I and II of the Complaint are dismissed with prejudice.[3]

**II.    Hicks**

Plaintiff brings a claim under 42 U.S.C. § 1983 against Hicks, her appointed attorney, in Count I of the Complaint, but she does not explain what acts by him allegedly constituted constitutional violations. *See* DE 1 at 11-13. Plaintiff also brings a legal malpractice claim against Hicks for failing to "file a motion to cancel the scheduled July 16, 2019 contempt hearing" and for failing to "seek sanctions against attorney Mildner for setting a frivolous contempt hearing." *See id.* at 18-19. However, she alleges that she was without counsel during some of the relevant time period, *see, e.g.*, *id.* ¶¶ 29, 50, 56, 65, and she does not specify when Hicks was her attorney. It is unclear how Hicks's actions or inactions could constitute either a constitutional violation or malpractice if he was not Plaintiff's attorney. In addition, Plaintiff alleges that Hicks failed to "stop" Judge Meadows from issuing rulings, but she has not explained how an attorney has any authority to "stop" a judge from ruling.

---

[3] The Court, in ruling on Judge Meadows's Motion to Dismiss, does not rely on the Exhibit attached to the Motion at DE 16-1. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (stating that a court's review on a motion to dismiss generally is limited to the four corners of the complaint).

For these reasons, the Complaint fails to state a claim against Hicks. Thus, the Motion is granted.

The Court concludes that Plaintiff may be able to state a claim against Hicks and that amendment of the Complaint may not be futile, and therefore gives Plaintiff an opportunity to amend her claims against Hicks. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (explaining that a plaintiff must be given one opportunity to amend a complaint when a more carefully drafted complaint might state a claim for relief, but need not be given such an opportunity when amendment would be futile). When amending the Complaint, Plaintiff shall specify under the § 1983 count which actions by Hicks allegedly violated which of her constitutional rights and shall specify under the malpractice count which actions by Hicks allegedly constituted malpractice. Plaintiff shall also specify when Hicks was her attorney.

### III. Mildner

Although Mildner has answered the Complaint, the Court *sua sponte* orders Plaintiff to replead her claims against Mildner. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) (explaining that district courts have a supervisory obligation to *sua sponte* order repleading of a shotgun complaint). Plaintiff brings a claim under 42 U.S.C. § 1983 against Mildner, the attorney of S.V.D.'s biological father, in Count I and brings a claim for "abuse of process" against him in Count III. DE 1 at 11-13, 16-18. Plaintiff alleges numerous errors and abuses by Mildner, including filing the paternity case in the incorrect county, failing to schedule a hearing, failing to file notice of a hearing, failing to notify Plaintiff of a hearing, notifying Plaintiff directly of a hearing rather than sending notice to Hicks, asking Judge Meadows to act in certain ways, failing to ask Judge Meadows to act in other ways, and generally "misus[ing] scarce court and law enforcement resources." *See, e.g., id.* ¶¶ 18, 25, 26, 38, 46, 47, 52, 56, 79, 82, 85.

It is unclear which acts by Mildner allegedly constitute constitutional violations and which acts allegedly constitute abuse of process. When amending her Complaint, Plaintiff shall specify under the § 1983 count which actions by Mildner allegedly violated which of her constitutional rights and shall specify under the abuse of process count which actions by Mildner allegedly constitute abuse of process. In addition, it is unclear from Plaintiff's allegations how Mildner was acting as a state actor during the relevant time period, such that he can be held liable under § 1983. *See* 42 U.S.C. § 1983; *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (stating that "§ 1983 only provides for claims to redress State action"). If Plaintiff renews her § 1983 claim against Mildner in the Amended Complaint, she shall also remedy this pleading deficiency.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Defendant Christopher Hicks's Motion to Dismiss [DE 12] is **GRANTED**. Plaintiff's claims against Defendant Hicks in Counts I and IV of the Complaint are dismissed without prejudice and with leave to amend.

2. Defendant Judge Robert Meadows's Motion to Dismiss With Prejudice [DE 16] is **GRANTED**. Plaintiff's claims against Defendant Judge Meadows in Counts I and II of the Complaint are dismissed with prejudice.

3. The Court *SUA SPONTE* **DISMISSES** Counts I and III against Defendant Roy Mildner without prejudice and with leave to amend.

4. Plaintiff shall file an Amended Complaint by no later than **December 16, 2019**. Plaintiff's failure to file an Amended Complaint by December 16 may result in the closure of this action without further notice.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of December, 2019.

*[signature: Robin L. Rosenberg]*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copy furnished to:
Plaintiff
Counsel of Record